UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN J. LYONS,<br>        Plaintiff,<br><br>v.<br><br>YORK COUNTY BOARD OF COMMISSIONERS; and DANIEL GROTZ, KURT BULGRIN, BILL BAMESBERGER, RANDY OBERMIER, and JACK SIKES, each commissioner in his official capacity as a member of the York County Board of Commissioners,<br><br>        Defendants | **Case No. 4:21-cv-3296**<br><br>**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS** |

**ANSWER**

York County Board of Commissioners, Daniel Grotz, Kurt Bulgrin, Bill Bamesberger, Randy Obermier, and Jack Sikes, each commissioner in his official capacity as a member of the York County Board of Commissioners, (collectively "Defendants") submit the following Answer to the allegations stated in the Plaintiff's Complaint:

    1.    Defendants deny the allegations in Paragraph 1 of the Complaint.

    2.    The statements contained in Paragraph 2 of the Complaint do not contain allegations of fact that require an admission or denial and further are rendered moot by the removal of this matter to the United States District Court for the District of Nebraska. To the extent that a response is required to any statement in Paragraph 2 of the Complaint, Defendants deny all statements in Paragraph 2.

    3.    The statements contained in Paragraph 3 of the Complaint do not contain allegations of fact that require an admission or denial and further are rendered moot by the removal of this matter to the United States District Court for the District of Nebraska. To the

1

extent that a response is required to any statement in Paragraph 3 of the Complaint, Defendants deny all statements in Paragraph 3.

4. The statements contained in Paragraph 4 of the Complaint do not contain allegations of fact that require an admission or denial and further are rendered moot by the removal of this matter to the United States District Court for the District of Nebraska. To the extent that a response is required to any statement in Paragraph 4 of the Complaint, Defendants deny all statements in Paragraph 4.

5. Upon information and belief, Defendants admit that John J. Lyons ("Plaintiff") is a resident of York County, Nebraska. Any remaining allegations in Paragraph 5 of the Complaint are denied.

6. Defendants admit the allegations in Paragraph 6 of the Complaint.

7. Defendants admit the allegations in Paragraph 7 of the Complaint.

8. Defendants admit that actions taken with regard to the termination of Plaintiff's employment as County Attorney for York County were rightfully taken in the performance of each Defendant's official duties under applicable law. Any remaining allegations in Paragraph 8 of the Complaint are denied.

9. Defendants admit the allegations in Paragraph 9 of the Complaint.

10. Defendants admit the allegations in Paragraph 10 of the Complaint.

11. Defendants admit that on August 25, 2021, the Board gave notice to Lyons that he may be terminated from his job as the County Attorney for York County for the reasons set forth in the *Loudermill* Notice. Any remaining allegations in Paragraph 11 of the Complaint are denied.

12. Defendants admit that the *Loudermill* hearing occurred on September 15, 2021, to determine if the allegations against Plaintiff were true as outlined in the *Loudermill* Notice and if those allegations supported termination. Any remaining allegations in Paragraph 12 of the Complaint are denied.

13. Defendants admit that a vote was scheduled to be held on September 21, 2021, relating to the matters alleged in the *Loudermill* Notice, including the termination of Plaintiff's employment, and that Exhibit 1 attached to the Complaint is a true and accurate copy of the Agenda prepared in connection with the September 21, 2021, meeting. Any remaining allegations in Paragraph 13 of the Complaint are denied.

14. The statements in Paragraph 14 of the Complaint contain legal conclusions and do not contain allegations of fact to which a response is required. To the extent that a response is required, the statements in Paragraph 14 are denied as they relate to Plaintiff since he was appointed to his position.

15. The statements in Paragraph 15 of the Complaint contain legal conclusions and do not contain allegations of fact to which a response is required. To the extent that a response is required, the statements in Paragraph 15 are denied as they relate to Plaintiff. Further, Defendants deny that Plaintiff has accurately stated the language of *Neb. Rev. Stat*. § 23-2001.

16. The statements in Paragraph 16 of the Complaint contain legal conclusions and do not contain allegations of fact to which a response is required. To the extent that a response is required, the statements in Paragraph 16 are denied as they relate to Plaintiff.

17. Defendants admit that they sought to have a vote relating to whether Lyons should be terminated from his position as County Attorney through non-judicial means and affirmatively state that such action is proper as Plaintiff was not elected to his position, but was

appointed and materially breached the agreement governing that appointment. Any remaining allegations in Paragraph 17 of the Complaint are denied.

18. The statements in Paragraph 18 of the Complaint contain legal conclusions and do not contain allegations of fact to which a response is required. To the extent a response is required, the statements in Paragraph 18 are denied.

19. Defendants deny the allegations in Paragraph 19 of the Complaint.

20. Defendants deny the allegations in Paragraph 20 of the Complaint.

21. Defendants deny the allegations in Paragraph 21 of the Complaint.

22. Defendants deny the allegations in Paragraph 22 of the Complaint.

23. Defendants deny the allegations in Paragraph 23 of the Complaint.

24. Defendants incorporate by reference all responses to Paragraph 1-23 of the Complaint.

25. The statements in Paragraph 25 of the Complaint contain legal conclusions and do not contain allegations of fact to which a response is required. To the extent that a response is required, Defendants affirmatively note that Plaintiff is not a "county officer" that is governed by *Neb. Rev. Stat.* § 23-2001 and, therefore, deny all statements in Paragraph 25 of the Complaint as they relate to Plaintiff.

26. The statements in Paragraph 26 of the Complaint contain legal conclusions and do not contain allegations of fact to which a response is required. To the extent that a response is required, Defendants affirmatively note that Plaintiff is not a "county officer" that is governed by *Neb. Rev. Stat.* § 23-2001 et seq. and, therefore, deny all statements in Paragraph 26 of the Complaint as they relate to Plaintiff.

27. Defendants deny the allegations in Paragraph 27 of the Complaint and note that at the time the Complaint was filed, no vote had been held or decision made with regard to the termination of Plaintiff's employment.

28. Defendants deny the allegations in Paragraph 28 of the Complaint.

29. The statements in Paragraph 29 of the Complaint contain prayers for relief and do not contain allegations of fact to which a response is required. To the extent that a response is required, all statements in Paragraph 29 of the Complaint are denied, and Defendants request that Plaintiff's prayers for relief be denied by this Court.

30. Defendants incorporate by reference all responses to Paragraph 1-29 of the Complaint.

31. Defendants deny the allegations in Paragraph 31 of the Complaint.

32. Defendants deny the allegations in Paragraph 32 of the Complaint.

33. Defendants deny the allegations in Paragraph 33 of the Complaint.

34. The statements in Paragraph 34 of the Complaint contain prayers for relief and do not contain allegations of fact to which a response is required. To the extent that a response is required, all statements in Paragraph 34 of the Complaint are denied, and Defendants request that Plaintiff's prayers for relief be denied by this Court.

35. The statements contained under the heading "Prayer for Relief" on Page 7 of the Complaint contain prayers for relief and do not contain allegations of fact to which a response is required. To the extent that a response is required, all statements under the heading "Prayer for Relief" on Page 7 of the Complaint are denied, and Defendants request that Plaintiff's prayers for relief be denied by this Court.

36. To the extent not previously expressly admitted, Defendants, deny each and every other allegation of the Complaint.

## AFFIRMATIVE DEFENSES

37. The Complaint fails to state a claim upon which relief may be granted.

38. Plaintiff failed to mitigate his damages; as such, such damages are barred.

39. Any damages suffered by Plaintiff are a result of Plaintiff's own conduct and, therefore, barred.

40. Plaintiff's claims are barred by the doctrine of unclean hands.

41. Plaintiff's claims are barred by the doctrine of equitable estoppel.

42. Defendants reserve the right to assert additional affirmative defenses as they may arise in the course of litigation.

WHEREFORE, Defendants respectfully request that the Plaintiff's Complaint be dismissed with prejudice, and that Defendants be awarded their attorney fees and costs to the extent allowed by law, as well as any additional relief which may be just and equitable.

## COUNTERCLAIMS

43. On or about December 5, 2017, the York County Board of Commissioners (the "Board") met to discuss the salaries for the Elected Officials for 2019, 2020, 2021, and 2022.

44. Consistent with the requirements of *Neb. Rev. Stat.* § 23-1206.01, which permits counties to require its county attorney to "devote his or her full time to the legal work of the county," the Board passed Resolution #17-45 on December 5, 2017 (the "Resolution"), requiring the York County Attorney position to remain a full-time position with no private practice allowed except as authorized by the Board.

45. Anticipating the full-time work of the York County Attorney, the Resolution established the following:

    a. The salary for the county attorney position was set by the Resolution at $87,619.06 for the year 2021 and $90,619.06 for the year 2022.

    b. Additionally, benefits as provided in the York County Employee Manual consisting of health insurance, life insurance, disability insurance, and retirement benefits were provided for the years 2021 and 2022 in addition to the county attorney's salary.

46. Following the resignation of the prior, elected county attorney, on or about December 31, 2019, Plaintiff was appointed to serve as York County Attorney for the remainder of the three (3) year term.

47. Prior to that appointment, the Board made clear to Plaintiff that if appointed to the position of York County Attorney, Plaintiff would be required to devote his full-time to the legal work of York County, and Plaintiff acknowledged that he understood and agreed to that requirement prior to being appointed. The parties also agreed that Plaintiff would receive the pay and benefits identified in the Resolution for fulfilling the full-time position of York County Attorney.

48. This agreement was in accordance with both the Resolution as well as *Neb. Rev. Stat.* § 23-1201.01(2), which states: "If there is no county attorney elected pursuant to section 32-522 or if a vacancy occurs for any other reason, the county board of such county may appoint a qualified attorney from any Nebraska county to the office of county attorney. In making such appointment, the county board shall negotiate a contract with the attorney, such contract to

specify the terms and conditions of the appointment, including the compensation of the attorney…."

49. At all times since Plaintiff was sworn in as York County Attorney, he has received the agreed-upon pay and benefits from York County.

50. At all times since Plaintiff was sworn in as York County Attorney, York County has otherwise complied with all terms agreed-upon with Plaintiff in connection with his appointment to the York County Attorney position.

51. Recognizing the prior agreement reached in connection with his employment, on or about July 19, 2021, Plaintiff requested that the York County Board of Commissioners allow him to serve as Clay County, Nebraska's county attorney.

   a. In the written request, Plaintiff acknowledged that he promised not to engage in private practice while acting as York County Attorney.

   b. By accepting payment as an individual from Clay County for services as Clay County's county attorney and by entering into a contract with Clay County as a private individual to perform legal services, Plaintiff is engaged in private practice. Plaintiff's client is merely a public entity rather than an individual, corporation, or other private entity.

   c. In the written request, Plaintiff claimed that the appointment to the Clay County Attorney position would be "temporary."

   d. The actual contract entered into between Clay County and Plaintiff is for an initial six-month term, but it is renewable for an unlimited number of twelve-month intervals. Further, the agreement provides an *annual* salary of $50,000.00 per year and entitles Plaintiff to standard employment benefits not

8

    typical for "temporary" employees such as medical/life insurance, public retirement benefits, deferred tax employment benefits, and a long-term disability benefits.

e. Email communications between Plaintiff and representatives of Clay County show Plaintiff did not and does not intend for the Clay County position to be "temporary." For example, the initial six-month term is referred to by Plaintiff as a "good honeymoon period."

f. Plaintiff has stated that he envisions entering into similar contracts with multiple Nebraska counties and acting as a "district attorney" as opposed to solely York County's full-time county attorney.

g. In the written request, Plaintiff stated that the recent addition of another attorney to the York County Attorney's office had relieved him of certain York County-related duties such that he would have time to provide service to Clay County as its county attorney.

h. When York County agreed to hire another attorney to support the York County Attorney's office, it did so based upon representations from Plaintiff that such staffing assistance was needed due to the workload of the York County Attorney's office. York County did not incur the costs associated with hiring an additional attorney to provide Plaintiff time to work at a different Nebraska county in lieu of providing full-time service to York County, Nebraska.

i. In the written request, Mr. Lyons admitted that the "personnel changes" implemented by him for the York County Attorney's Office (*e.g.*, hiring

another attorney and reallocating of some of Plaintiff's workload to the York County Deputy County Attorney and/or the new attorney) had decreased Plaintiff's individual caseload at York County by *more than fifty percent*.

j. York County did not agree to pay Plaintiff full-time pay and benefits so that he could distribute more than half of his York County-related caseload to other attorneys.

k. York County did not agree to pay Plaintiff full-time pay and benefits so that he would have time to work for Clay County (or any other client) and accept payment as an individual for the work he performed for his private clients.

l. In the written request, Plaintiff admitted that Clay County courts (both county and district courts) meet during normal business hours on weekdays and that Plaintiff's physical presence would be required in Clay County for at least "1/2 FTE of each of the County and District Court days" in Clay County.

m. By attending district and county court sessions in Clay County during normal business hours on weekdays, Plaintiff admitted he would not be working in York County or on York County matters during, at a minimum, those normal business hours and days.

n. In the written request, Plaintiff claimed that he would only be needed on a "1/2 FTE" basis because Clay County had a deputy on staff "in which to share the modest caseload."

o. Plaintiff entirely failed to disclose to York County that the "deputy on staff" to which he referred was the York County Deputy County Attorney who was and is paid to provide full-time service and work for York County.

    p. As such, in addition to not providing full-time work to York County as Plaintiff had himself agreed to provide, Plaintiff was and is also allowing an individual in his office to not provide full-time service and work for York County, as that individual had agreed to do in exchange for full-time pay and benefits from York County.

    q. Notably, the York County Deputy County Attorney has claimed on time cards to be working for York County during business hours and weekdays in which the York County Deputy County Attorney was physically located in Clay County and performing work on Clay County cases.

    r. Upon information and belief, it was only after Defendants revealed to Plaintiff that they had learned the Clay County Attorney Office's "deputy on staff" was actually the York County Deputy County Attorney, Plaintiff and/or the York County Deputy County Attorney sought to correct the false time cards submitted to York County by the York County Deputy County Attorney.

52. On July 27, 2021, the York County Board of Commissioners unanimously rejected Plaintiff's request to serve as Clay County's County Attorney.

53. Despite the clear rejection of Plaintiff's request, Plaintiff proceeded to enter into a contract with Clay County to act as its county attorney.

54. Plaintiff's actions have resulted in York County's County Attorney and Deputy County Attorney bearing 100% of the caseload in Clay County while each individual is still being paid full-time pay and benefits by York County.

55. Both the York County Attorney position and Deputy County Attorney position are full-time, salaried positions.

11

56. Given the nature of court appearances, trials, and the other duties associated with the positions, it is impossible to perform either the York County Attorney or Deputy County Attorney position on a full-time basis while serving in similar roles for another county.

57. Necessarily, the positions in each county demand physical presence and mental attention during normal business hours, Monday through Friday, as well as occasional evening and weekend work as needed.

58. As such, Plaintiff is attempting to draw the salary and benefits of a full-time employee from York County while providing only part-time work.

59. Likewise, Plaintiff is using resources paid for by York County, including but not limited to the Deputy County Attorney's salary and benefits, to perform that outside employment for another county.

### Counterclaim 1: Breach of Contract

60. Defendants incorporate Paragraph 43 through 59 of these Counterclaims as if fully set forth herein.

61. As set forth above, the agreement between the Board and Plaintiff relating to his appointment to the York County Attorney position required Plaintiff to work full-time for York County with no private practice allowed except as authorized by the Board. In exchange for such full-time service, Plaintiff was to receive the pay and benefits set forth in the Resolution. This agreement was in accordance with both the Resolution as well as *Neb. Rev. Stat.* §§ 23-1201.01(2) and 23-1206.01.

62. At all times since Plaintiff was sworn in as York County Attorney, he has received the agreed-upon pay and benefits from York County, and York County has otherwise complied with all terms agreed-upon with Plaintiff in connection with his appointment to the York County Attorney position.

63. Plaintiff has breached this agreement in at least the following ways:

   a. Entering into a contract to serve as the Clay County Attorney without the authorization of the Board;

   b. Failing to provide full-time service as the York County Attorney; and

   c. Failing to comply with his implied duty of good faith and fair dealing in at least the following ways:

      i. failing to provide full-time service as the York County Attorney;

      ii. distributing Plaintiff's duties as York County Attorney to other attorneys such that Plaintiff's caseload was decreased by more than half;

      iii. requesting additional money and/or other resources from York County to decrease Plaintiff's workload under the guise that such money and/or other resources were needed in order to handle York County's caseload and other obligations of the York County Attorney's Office when they clearly were not given Plaintiff's representations that he has time to perform work for one or more other Nebraska counties; and

      iv. allowing a full-time employee of York County who is managed by him in his role as the appointed York County Attorney to perform work at another job during normal business hours on weekdays while still collecting full-time pay and benefits from York County.

64. As a proximate cause of Plaintiff's breach or breaches of contract, Defendants have been damaged in an amount to be determined at trial, including all or a portion of amounts related to (i) Plaintiff's salary and benefits package from York County, (ii) the York County

Deputy County Attorney's salary and benefits package from York County, (iii) all amounts paid by York County to or in connection with hiring a new attorney based on Plaintiff's representations that the additional attorney was necessary for proper completion of duties within the York County Attorney's Office.

65. Wherefore, Defendants pray for judgment against Plaintiff in an amount to be determined at trial, plus pre-judgment and post-judgment interest and costs allowed by law.

66. Wherefor, Defendants further request that as a result of Plaintiff's prior material breach or breaches of contract, the Court determine and declare that:

   a. Defendants and York County are excused from any further obligation under the agreement with Plaintiff to serve as the appointed York County attorney. Specifically, Defendants and York County should not be required to pay Plaintiff any additional salary, provide any additional benefits, or comply with any other obligation that would otherwise be owed to Plaintiff under the agreement with Plaintiff to serve as the appointed York County Attorney; and

   b. Defendants are entitled to immediately terminate the agreement between the Board and Plaintiff relating to Plaintiff's service as the appointed York County Attorney.

### Counterclaim 2: Declaratory Judgment
### Permitting Removal of Plaintiff by Non-Judicial Means

67. Defendants incorporate Paragraph 43 through 66 of these Counterclaims as if fully set forth herein.

68. Consistent with the requirements of *Neb. Rev. Stat.* § 23-1206.01, which permits counties to require its county attorney to "devote his or her full time to the legal work of the

14

county," the Board passed the Resolution, requiring the York County Attorney position to remain a full-time position with no private practice allowed except as authorized by the Board.

69. As set forth more fully in the paragraphs above, the Board and Plaintiff entered into an agreement which, among other things, required Plaintiff to devote his full-time to the legal work of York County in exchange for his appointment to fill the remaining term associated with the York County Attorney position. This agreement was in accordance with both the Resolution and *Neb. Rev. Stat.* §§ 23-1201.01(2) and 23-1206.01.

70. Having appointed Plaintiff to his position, the Board has the inherent authority to remove him from that position as a result of his breach(es) of contract and inappropriate behavior.

   a. In *State ex rel. Fischer v. City of Lincoln et al.*, 137 Neb. 97, 288 N.W. 499, 500 (1939), the Nebraska Supreme Court stated:"[E]ven where the power of removal is not expressly conferred, the general rule is that a grant of the power to appoint is construed to carry with it, by necessary implication, a grant also of the unconditional power to remove, if the term of office is not fixed by law and the right to remove is not in any other manner restricted."

   b. The term of Plaintiff's position was not fixed by law, but by the contractual agreement of the parties.

   c. The right to remove Plaintiff was not restricted by the parties' agreement, *Neb. Rev. Stat.* § 23-1201.01(2), or any other law.

   d. The Eighth Circuit Court of Appeals specifically addressed *Neb. Rev. Stat.* §§ 23–2001 to 23–2009, which provide for the removal of county officers through judicial proceedings in *Kozisek v. County of Seward, Nebraska,* 539

15

        F.3d 930 (2008). In that case, the appeals court held that the employee "was not a 'county officer' within the meaning of these statutes, because the statutory terms indicate that they only apply to *elected* county officials, and [the employee] was not elected, but appointed." *Id*. at 937 (emphasis in original).

    e. The Nebraska Constitution makes clear that county officers must be elected. *See* Neb. Const. Art. IX, § 4 ("The Legislature shall provide by law for the *election* of such county and township officers as may be necessary….").

    f. In *Lang v. Howard County, Nebraska,* 287 Neb. 66 (2013), the Nebraska Supreme Court declined to equate an appointed interim county attorney with an elected official in addressing a claim for unemployment benefits by the appointed county attorney. As in *Lang*, there is no reference to appointed officials in *Neb. Rev. Stat*. §§ 23-2001 to 23-2009 despite more than a decade having passed since the Eighth Circuit's decision in *Kozisek*, which clearly stated such statutes apply only to *elected* county officials.

71. The Board provided Plaintiff with a duly issued *Loudermill* Notice on or about August 25, 2021, which outlined the allegations against Plaintiff relating to his misconduct and informed him that he may be terminated from his job as the appointed County Attorney for York County for the reasons set forth in that notice. The Board scheduled a hearing on that matter for September 7, 2021.

72. Due to a scheduling conflict for Plaintiff which arose out of obligations to Clay County, Plaintiff requested the hearing be moved, and the Defendants agreed to delay the hearing until September 15, 2021.

16

73. Plaintiff requested that the hearing be held in open session, and the Board planned to offer Plaintiff the opportunity to respond to the allegations against him, which Plaintiff knew.

74. Approximately one hour before the hearing began, the Board was notified that Plaintiff did not intend to appear at the hearing, but instead requested only that a letter from his attorney be considered his submission in response.

75. The Board considered the letter submitted together with the other information and evidence it had gathered relating to Plaintiff's misconduct.

76. Given the seriousness of the matter, the Board did not hold a vote on September 15, 2021, but delayed the vote in order to allow all members of the Board to be physically present at the vote and further consider the situation.

77. Prior to the Board's meeting on September 21, 2021, at which the termination of Plaintiff was to be considered, Plaintiff sought court intervention to prevent the vote from occurring.

78. Defendants request that this Court declare and enter judgment stating that: (i) to the extent Plaintiff has a property interest in his employment as the appointed York County Attorney, Defendants have provided Plaintiff with all procedural and substantive pre-termination notice and the hearing opportunities required to comply with the principles of due process, and (ii) under these circumstances, the Board is entitled to immediately vote on whether Plaintiff should be removed from his position as the appointed York County Attorney and, if so decided by the Board, immediately remove Plaintiff from his position through non-judicial means.

### Counterclaim 3:  Declaratory Judgment
### Ordering Removal of Plaintiff Under *Neb. Rev. Stat*. §§ 23-2001 et seq.

79. Defendants incorporate Paragraph 43 through 78 of these Counterclaims as if fully set forth herein.

80. In the alternative and solely to the extent that the Court decides that the Board is not entitled to remove Plaintiff by non-judicial means, then Defendants request that this Court declare and enter judgment stating that Plaintiff should be immediately removed from office under *Neb. Rev. Stat.* § 23-2001 et seq. for one or more of the reasons set forth therein, including but not limited to (i) willful maladministration in office, (ii) official misconduct, (iii) habitual or willful neglect of duty, and/or (iv) corruption.

Dated this 27th day of October, 2021.

        YORK COUNTY BOARD OF COMMISSIONERS; and DANIEL GROTZ, KURT BULGRIN, BILL BAMESBERGER, RANDY OBERMIER, and JACK SIKES, in their official capacities as members of the York County Board of Commissioners, Defendants

        By: /s/ Erin Ebeler Rolf
           Erin Ebeler Rolf, Nebraska Bar No. 23923
           Pamela J. Bourne, Nebraska Bar Bo. 21916
           WOODS AITKEN LLP
           301 South 13th Street, Suite 500
           Lincoln, NE 68508
           Tel: (402) 437-8500
           Fax: (402) 437-8558
             E-mail: eerolf@woodsaitken.com
                     pbourne@woodsaitken.com

        *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was transmitted to the following via the Court's CM/ECF system on the 27th day of October, 2021:

        /s/ Erin Ebeler Rolf
        Erin Ebeler Rolf