IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN J. LYONS,<br><br>            Plaintiff,<br><br>     v.<br><br>YORK COUNTY BOARD OF COMMISSIONERS; DANIEL GROTZ, KURT BULGRIN, BILL BAMESBERGER, RANDY OBERMIER, and JACK SIKES, in their official capacities as members of the York County Board of Commissioners,<br><br>            Defendants. | Case No. 4:21-cv-3296 |

---

## BRIEF OF *AMICUS CURIAE*
## NEBRASKA COUNTY ATTORNEYS ASSOCIATION

---

Respectfully submitted:

Nathan D. Clark, #25857
CLINE WILLIAMS WRIGHT
    JOHNSON & OLDFATHER, L.L.P.
233 South 13th Street
1900 U.S. Bank Building
Lincoln, Nebraska 68508
(402) 474-6900
nclark@clinewilliams.com

January 27, 2022

EXHIBIT
**1**

The Nebraska County Attorneys Association respectfully submits this brief as *amicus curiae* in support of Plaintiff John Lyons's Motion for Judgment on the Pleadings. [Filing No. 15.]

## I. STATEMENT OF INTEREST

The Nebraska County Attorneys Association ("NECAA") is a nonprofit entity established in 1926 and dedicated to assisting Nebraska's 93 county attorneys provide the highest level of public service. It accomplishes this in part through advocacy on issues of public policy, in addition to offering resources and services to its members. NECAA's Mission Statement outlines its objectives:

> Improvement of the administration of justice through the prosecutorial system by fostering and maintaining high standards of conduct and ethical practice and integrity; maintain the maximum degree of confidence of the citizens of this state in the office of the county attorney; provide a vehicle from which the members of the association can best continue their legal education to assist one another in all of the various duties and responsibilities of their office; educate and inform the citizens of this state about their duties and obligations; to commit themselves to assist the county attorney in promoting and ensuring that our judicial system is responsive and effective.

County attorneys are government attorneys who hold the public trust and whose conduct reflects upon Nebraska's entire system of justice. *State ex rel. Neb. State Bar Ass'n v. Rhodes*, 234 Neb. 799, 829, 453 N.W.2d 73, 90 (1990). They are the top prosecuting officials in their respective counties, and are duty bound to represent the state and county in all actions involving Nebraska law in which the state or the county is a party or is interested. Neb. Rev. Stat. § 23-1201; *Winter v. Dep't of Motor Vehicles*, 257 Neb. 28, 31, 594 N.W.2d 642, 646 (1999); *State v. Boyce*, 194 Neb. 538, 540, 233 N.W.2d 912, 913 (1975) ("The county attorney is the public prosecutor, and his office is quasi judicial." (quoting *Ress v. Shepherd*, 84 Neb. 268,

120 N.W. 1132, 1133 (1909))). County attorneys provide opinions to county boards and other civil officers on upon all matters in which the state or county is interested. Neb. Rev. Stat. § 23-1203. They play a "pivotal role" in juvenile court proceedings. *In re Interest of David M.,* 19 Neb. App. 399, 406, 808 N.W.2d 357, 363 (2011).

The controversy before the Court in this action involves a matter of especial importance to NECAA and the Nebraska county attorneys it represents. County attorneys hold positions of public trust and responsibility to the residents of the counties they serve. In NECAA's view, those responsibilities are identical whether a county attorney is elected or appointed to fill a vacancy. Accordingly, the procedural safeguards governing removal which the Legislature has afforded county officers in sections 23-2001 through -2009 of the *Nebraska Revised Statutes* are commensurate with county attorneys' important public role and should be afforded persons holding that office, whether elected or appointed to fill a vacancy.

## II.  ARGUMENT

NECAA will address three issues raised in this action: (1) Whether county attorneys are county officers—they are; (2) whether the appointment of a county attorney to a vacancy created by the departure of an elected county attorney affects his or her status as a county officer—it does not; and (3) whether the judicial removal proceedings to which county officers are entitled should occur in a Nebraska state court—they should.

Before addressing those issues, however, NECAA would like to emphasize a salient danger of a decision adverse to Lyons in this case: The potentially disruptive imposition of the whims of county boards—political entities—on the efficient and predictable functioning of Nebraska counties' top prosecuting office. While county

attorneys are politically accountable through elections, they have a critical nonpolitical function to play in county governance and should have the independence to do their job free from shifting political circumstance. As described in more detail below, Nebraska's Legislature has made plain its intent that county attorneys—whether elected or appointed to fill a vacancy—be afforded that political independence, and retain an autonomous voice in local government affairs, by insulating them from removal absent enumerated circumstances and judicial process. The Court should honor that Legislative intent in this case.

**A.    County Attorneys are County Officers.**

There can be no serious dispute that "a county attorney is a county officer." *Bell v. Templin*, 26 Neb. 249, 41 N.W. 1093, 1094 (1889). Just last year, the Nebraska Supreme Court noted the Legislature's "discretionary authority to create and define county offices, a power which includes the ability to define or identify who is a county officer." *State ex rel. Peterson v. Shively*, 310 Neb. 1, 14, 963 N.W.2d 508, 518 (2021). In that decision, the Court stated that "Neb. Rev. Stat. §§ 23-1114.01 to 23-1114.07 (Reissue 2012) amount to what can be described as the Legislature's list of county officers." *Id.* at 15, 963 N.W.2d at 519. Those statutes list the salaries for "county officers," and county attorney is listed in those statutes for every class of county. *Id.* §§ 23-1114.02 (class 1 counties), -1114.03 (class 2 counties), -1114.04 (class 3 counties), -1114.05 (class 4 counties), and -1114.06 (class 5 counties); *see also Dinsmore v. State*, 61 Neb. 418, 85 N.W. 445, 448 (1901) ("The number and character of county offices that may be created rests in the discretion of the lawmaking body."). Furthermore, the Legislature has placed the

statutes governing county attorneys in Chapter 23 of the *Nebraska Revised Statutes*: "County Government and Officers."

**B.    County Attorneys Appointed to Fill a Vacancy are County Officers.**

The status of a county attorney as a county officer does not depend on whether the office holder is elected or appointed to fill a vacancy. An important point bears emphasis here: It is *not* the election of a county official that confers the status of county officer. That has things backwards. As *Peterson* makes clear, it is the *Legislature* that confers county-officer status. And it follows that *if* a county position is—as determined by the Legislature—a county officer, *then* article IX § 4 of the Nebraska Constitution requires that the "[t]he Legislature shall provide by law for the election of such county and township officers *as may be necessary*." Neb. Const. art. IX, § 4 (emphasis added).[1]

*Peterson*'s analysis of the issue before it underscores this point. There, the Court considered whether a statute permitting the Governor to appoint the position of county election commissioner in certain counties violated article IX section 4 of the Nebraska Constitution. *Id.* at 4–8, 963 N.W.2d at 512–15. The Court did not begin its analysis with that constitutional provision. Rather, it first asked whether county election commissioners were county officers in the first instance. *Id.* at 9–16, 963 N.W.2d at 515–19. To answer that question, it gleaned the Legislature's intent

---

[1] The issue of whether Neb. Rev. Stat. § 23-1201.01, which permits the appointment of county attorneys in certain circumstances, is in conflict with the Nebraska Constitution is not an issue NCAA understands to have been raised by either party or one presently before this Court. *See* Fed. R. Civ. P. 5.1. On that score, however, NECAA directs the Court to *Van Horn v. State*, 46 Neb. 62, 64 N.W. 365 (1895), in which the Nebraska Supreme Court held that the predecessor to article IX § 4—article X § 4—did not prohibit the Legislature from providing for appointments to fill vacancies to elected office. *Id.* at 371 ("So far as the act provides for appointments, in case there are no supervisors within the district, it is merely for the purpose of provisionally filling the office until an election can be had. Provisions for such temporary appointments exist in regard to many offices, and their validity is not now open to question.").

by looking at its statutory enactments, without reference to elections or article IX section 4 of the Nebraska Constitution. *Id.* at 14–16, 963 N.W.2d at 518–19. That is, the question of whether election commissioners were elected in the first place did not answer the question of whether they are county officers. The Court concluded the Legislature did not consider election commissioners to be county officers and decided the case on that basis. *Id.* at 16–17, 963 N.W.2d at 519–20.

Thus, any argument here that appointed county attorneys are not county officers *because* they are not elected misunderstands the appropriate inquiry. The Legislature has the authority to provide for appointments to fill vacancies in elected positions, including those for county officers, and it has exercised that authority with respect to county attorneys. The Nebraska Supreme Court has long recognized that "[p]rovisions for such temporary appointments exist in regard to many offices, and their validity is not now open to question." *Van Horn v. State*, 46 Neb. 62, 64 N.W. 365, 372 (1895); *cf. State v. Schroeder*, 79 Neb. 759, 113 N.W. 192, 193 (1907) ("It has always been the general policy of this state that the governing officers of the cities and towns should be selected by a vote of the electors, and, generally speaking, statutes providing for filling vacancies in elective offices authorize the filling of such vacancies by appointment . . . until the vacancy can be filled by the electors at a general election."). And because section 23-2001 imposes restrictions on the ability to remove county officers, this is not a circumstance in which there is any implied right of removal attendant to the right of appointment. *See State ex rel. Fischer v. City of Lincoln*, 137 Neb. 97, 288 N.W. 499, 500 (1939) ("[T]he *general* rule is that a grant of the power to appoint is construed to carry with it, by necessary implication, a grant also of the unconditional power to remove, *if* the term of office is not fixed

6

by law and *the right to remove is not in any other manner restricted*." (emphasis added)).[2]

The Legislature has exercised its authority and provided for appointment to the office of county attorneys to fill vacancies. Neb. Rev. Stat. § 23-1201.01. And in doing so it has made clear that it considers the *office* of county attorney to be that of a county officer, irrespective of whether the officeholder was elected or appointed to fill a vacancy. Here are some statutes demonstrating this legislative intent:

- "Elective office" is defined in Nebraska's Political Accountability and Disclosure Act such that "[a] person who is appointed to fill a vacancy in a public office which is ordinarily elective *holds an elective office*." Neb. Rev. Stat. § 49-1417 (emphasis added). And it defines "public official" to include "an elected or *appointed* official in . . . a political subdivision" of the state. *Id.* § 49-1443 (emphasis added).

- Similarly, Nebraska's statutes governing elections provides that "[i]ncumbent shall mean the person whom the canvasser or the courts declare elected to an elective office *or who has been appointed to an elective office*." Neb. Rev. Stat. § 32-111.

- The statute that requires county attorneys be elected states that "[c]andidates to the *office* of county attorney" meet certain qualifications. Neb. Rev. Stat. § 32-522 (emphasis added).

---

[2] Too, the Legislature has expressly provided for the removal of disabled county attorneys by county boards. Neb. Rev. Stat. § 23-2012. The Legislature's determination that it is necessary to expressly provide for removal further undercuts the existence of any general implied right of removal.

7

- And the Legislature, pursuant to its well-established authority to provide for temporary fulfillment of important elected public offices, has provided, "If there is no county attorney elected pursuant to section 32-522 or if a vacancy occurs for any other reason, the county board of such county may appoint a qualified attorney from any Nebraska county to the *office* of county attorney." *Id.* § 23-1201.01 (emphasis added).

- Moreover, the qualifications selected by the Legislature for that office apply to any person who "seek[s] nomination *or appointment* for the *office* of county attorney." *Id.* § 23-1201.02 (emphasis added).

Thus, a county attorney appointed to fill a vacancy "holds an elective office" and is an incumbent of that office, to which appointment is expressly authorized and the qualifications for which make no distinction between elected and appointed office holders. *See also Officer*, Black's Law Dictionary (9th ed. 2009) ("A person *who holds an office* of public trust, authority, or command." (emphasis added)).

Notably, the Nebraska Association of County Officers ("NACO") appears to agree that appointed county attorneys are county officers. NACO represents county officials, including the Defendants in this case, and its bylaws require that its Board of Directors be drawn from certain county positions, including county commissioners and county attorneys. Bylaws of Neb. Ass'n of Cty. Attorneys at 3, Art. IV § 1 (2012), *available at* https://nacone.org/webpages/aboutnaco/about_naco.html. NACO submitted an *amicus* brief in *Peterson* in which it described county attorneys as "hybrid county officers who are appointed if there are no candidates for the office (county attorneys)." [Ex. A at 3.] It went on to explain that "[c]ounty

8

attorneys are unambiguously county officers subject to election under Art. IX, § 4. When a county board appoints a county attorney, it is due to a vacancy or a lack of qualified individuals who are willing or able to serve." [*Id.* at 4 (citations omitted).]

C. **The Judicial Process to Which Appointed County Attorneys are Entitled Should Be Provided in Nebraska State Courts.**

Finally, NECAA understands the Defendants have sought a declaration from this Court that Lyons may be removed pursuant to the sections 23-2001 to -2009. The Nebraska Legislature has determined, however, that the appropriate forum for such a determination is a Nebraska district court. With reference to the enumerated grounds for removal set forth in section 23-2001, the following section states that "[a]ny person may make such charge, and the *district court shall have exclusive original jurisdiction thereof*." Neb. Rev. Stat. § 23-2002 (emphasis added).

Federal "district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995). And to the extent the Court considers this request in substance a state-law claim brought under section 23-2001, the Court has discretion on whether to exercise supplemental jurisdiction over such a claim. 28 U.S.C. § 1367; *see also Wong v. Minn. Dep't of Human Servs.*, 820 F.3d 922, 931 (8th Cir. 2016) (holding state statute providing for appeals from state agency to state court did not divest federal district court of jurisdiction to hear direct appeal from state agency decision but "recogniz[ing] that the [district] court very well could have declined to exercise supplemental jurisdiction" and remanding on that issue).

Whether the Court understands its discretion to flow from 28 U.S.C. § 2201 or § 1367, NECAA respectfully suggests the Nebraska Legislature's determination

9

that the removal of Nebraska county officers is a matter exclusively within the cognizance of state district courts is a compelling reason for this Court to decline to entertain that claim.

### III. CONCLUSION

County attorneys, whether elected or appointed to fill a vacancy, are county officers entitled to the removal procedures in section 23-2002 *et seq.* Accordingly, *amicus curiae* NECAA respectfully requests Mr. Lyons's Motion for Judgment on the Pleadings be granted.

DATED this 27th day of January, 2022.

                NEBRASKA COUNTY ATTORNEYS
                ASSOCIATION, *Amicus Curiae*

By:   s/Nathan D. Clark
       Nathan D. Clark, #25857
       CLINE WILLIAMS WRIGHT
         JOHNSON & OLDFATHER, L.L.P.
       233 South 13th Street
       1900 U.S. Bank Building
       Lincoln, NE 68508
       (402) 474-6900
       nclark@clinewilliams.com

## CERTIFICATE OF COMPLIANCE

      The undersigned certifies that the word count of this brief complies with local rule NECivR 7.1(d). The word-count function of Microsoft Word, version 2112, states that this brief, inclusive of all text including the caption, headings, footnotes, and quotations, contains 2,764 words.

                                        s/Nathan D. Clark
                                        Nathan D. Clark

## CERTIFICATE OF SERVICE

      The undersigned certifies that the foregoing was filed with the clerk using the Court's CM/ECF system, which will send notice of the same to all counsel of record.

                                        s/Nathan D. Clark
                                        Nathan D. Clark

4875-0405-4537, v. 4