IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN J. LYONS,<br><br>    Plaintiff,<br><br>vs.<br><br>YORK COUNTY BOARD OF COMMISSIONERS, et al.,<br><br>    Defendants. | 4:21-CV-3296<br><br>ORDER |

  This matter is before the Court on the motion (filing 18) of an interested party, the Nebraska County Attorney's Association (hereinafter, the County Attorneys), for leave to file a brief as amicus curiae in support of a ruling in the plaintiff's favor on his pending motion for judgment on the pleadings (filing 15). The Court will grant the County Attorneys' motion.

  There is no governing standard, rule or statute prescribing the procedure for obtaining leave to file an amicus brief in the district court. *Soos v. Cuomo*, 470 F. Supp. 3d 268, 284 (N.D.N.Y. 2020); *see Or.-Cal. Trails Ass'n v. Walsh*, 467 F. Supp. 3d 1007, 1073 (D. Colo. 2020); *City of Columbus v. Trump*, 453 F. Supp. 3d 770, 785 (D. Md. 2020). So, the Court has broad discretion to permit or deny the participation of amici curiae in a given case. *Id.*; *see, e.g., Levin Richmond Terminal Corp. v. City of Richmond*, 482 F. Supp. 3d 944, 951 n.1 (N.D. Cal. 2020); *United States v. Feng Tao*, 499 F. Supp. 3d 940, 972 (D. Kan. 2020); *Walsh*, 467 F. Supp. 3d at 1073. Factors the Court considers may include the parties' own representation, the interest of the prospective amicus, and whether any parties will be prejudiced. *See Soos*, 470 F. Supp. 3d at 284; *Levin Richmond*, 482 F. Supp. 3d at 951 n.1; *Walsh*, 467 F. Supp. 3d at 1073; *Edgar v. Coats*, 454 F. Supp. 3d 502, 522 (D. Md. 2020), *aff'd sub nom. Edgar v.*

*Haines*, 2 F.4th 298 (4th Cir. 2021); *City of Columbus*, 453 F. Supp. 3d at 785-86; *Richland/Wilkin Joint Powers Auth. v. U.S. Army Corps of Eng'rs.*, 38 F. Supp. 3d 1043, 1054 (D. Minn. 2014).

In this case, the plaintiff is certainly well-represented. But given the importance of the substantive state law questions at issue, and the County Attorneys' institutional experience and interest in those questions, the Court is persuaded that they should be heard. Nor does the Court find that the defendants will be prejudiced by the County Attorneys' participation in the *limited* function of filing an amicus brief on questions of law.

Accordingly, the Court will grant the County Attorneys' motion, and deem their proposed amicus brief filed *instanter*. The defendants may, should they choose, file a sur-reply brief on or before March 1, 2022, addressing any arguments presented in the County Attorneys' amicus brief they believe have been insufficiently addressed in their previous briefing.[1]

IT IS ORDERED:

1. The interested party's motion for leave to file brief as amicus curiae (filing 18) is granted.

2. The interested party's amicus brief (filing 18-1) is deemed filed *instanter* and need not be refiled.

---

[1] In particular, the defendants are invited to address the County Attorneys' contention that this Court has the discretion—and should exercise the discretion—to decline jurisdiction over the plaintiff's state-law claims. *See* filing 18-1 at 9-10.

3. The defendants may file a sur-reply brief on or before March 1, 2022, responding to the interested party's amicus brief.

Dated this 22nd day of February, 2022.

BY THE COURT:

John M. Gerrard
United States District Judge