IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN J. LYONS,<br><br>Plaintiff,<br><br>vs.<br><br>YORK COUNTY BOARD OF COMMISSIONERS; and DANIEL GROTZ, KURT BULGRIN, BILL BAMESBERGER, RANDY OBERMIER, and JACK SIKES, in their official capacity as members of the York County Board of Commissioners,<br><br>Defendants. | 4:21-CV-3296<br><br>MEMORANDUM AND ORDER |

On September 20, 2021, the plaintiff, John J. Lyons, who was serving as the York County Attorney, filed a complaint in the district court for York County, Nebraska, requesting declaratory and injunctive relief pursuant to Neb. Rev. Stat. §§ 25-21,149 and 25-1064. Filing 1-1 at 2. The complaint alleged two claims, both of which concerned an attempt to remove him from office. The first claim was predicated on state law, and the second claim was framed as a 42 U.S.C. § 1983 due process violation. For his injunctive relief, the plaintiff requested an order temporarily and permanently enjoining the defendant York

County Board of Commissioners (Board) from removing him from office by non-judicial means.

On October 21, the defendants removed the plaintiff's state court action to this Court alleging jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1441(c). On October 27, the defendants filed their answer to the plaintiff's complaint, which also included three state-law counterclaims. Filing 3. The first counterclaim was for breach of contract. Filing 3 at 12-14. The second and third counterclaims were for declaratory relief concerning the removal of the plaintiff from his office through non-judicial means, or in the alternative removal of the plaintiff from his office through judicial means pursuant to Neb. Rev. Stat. § 23-2001 *et seq*. Filing 3 at 14-18.

Before this Court now are motions filed by both parties. The defendants' motion, filed December 30, 2021, is for leave to file an amended answer, the purpose for which appears to be supplementing the factual content of their counterclaim allegations. Filing 8-1. The plaintiff's motion, filed January 7, 2022, is for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). Filing 15. For the reasons that follow, the plaintiff's motion will be denied, and the defendants' motion will be dismissed as moot.[1]

---

[1] Also before the Court is the plaintiff's motion to supplement the record (filing 30). For reasons that will become clear—in brief, because this case is resolved by a plain reading of the relevant Nebraska statutes—the additional evidence proffered by the plaintiff isn't relevant. Nor is the Court persuaded that all of the evidence—which includes materials not judicially noticeable nor incorporated by the pleadings—can be considered in a motion for judgment on the pleadings without converting it to a motion for summary judgment. *See* Rule 12(d). Accordingly, the Court will deny the plaintiff's motion.

## I. STANDARD OF REVIEW

In general, a Fed. R. Civ. P. 12(c) motion for judgment on the pleadings is reviewed under the same standard as a Fed. R. Civ. P. 12(b)(6) motion to dismiss. *Ginsburg v. InBev NV/SA*, 623 F.3d 1229, 1233 n.3 (8th Cir. 2010). A Rule 12(c) motion requires the Court to view all facts pleaded by the nonmoving party as true and grant all reasonable inferences in favor of that party. *Poehl v. Countrywide Home Loans, Inc.*, 528 F.3d 1093, 1096 (8th Cir. 2008). Judgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law. *Ashley Cty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009); *Poehl*, 528 F.3d at 1096.

When ruling on a motion to dismiss under Rule 12(b)(6) or 12(c), a district court generally may not consider materials outside the pleadings. *Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 982 (8th Cir. 2008). It may, however, consider some public records, materials that do not contradict the complaint, or materials that are necessarily embraced by the pleadings. *Id.*

## II. BACKGROUND

On December 5, 2017, the Board met to discuss salaries for elected officials for the years 2019 through 2022. Filing 3 at 6; filing 1-2 at 18. At this meeting, the Board adopted Resolution #17-45, which, consistent with Nebraska law, required the position of the York County Attorney to be full-time, with no private practice permitted except as authorized by the Board. Filing 1-2 at 19. Resolution #17-45 also established the salary for the county attorney position for years 2021 and 2022, as well as identified various benefits that were included with the position. Filing 3 at 7; filing 1-2 at 18-19.

3

On December 31, 2019, the Board appointed the plaintiff to fulfill the remaining term vacated by the previous elected county attorney. *Id.*; filing 1-1 at 3; filing 1-2 at 26. The plaintiff's term of service was to commence on the date he was appointed, and end January 1, 2023. According to the defendants, before he was appointed, the Board made it clear to the plaintiff that he would be required to devote full time to the county's legal work, and that the plaintiff acknowledged that he understood and agreed to that requirement. Filing 3 at 7. The defendants alleged, and the plaintiff admitted, that the plaintiff agreed to receive the pay and benefits identified in Resolution #17-45 for fulfilling the full-time position of York County Attorney for the remainder of the former elected county attorney's term of office.

On July 19, 2021, the plaintiff requested in writing that he be allowed to serve as the county attorney for Clay County, Nebraska. Filing 3 at 8. The Nebraska counties of Clay, York, Hamilton, and Fillmore are contiguous at a single point, like the "Four Corners" states of Utah, Colorado, New Mexico, and Arizona. For the Nebraska counties, Clay County is the southwest corner, and York County is the northeast corner. On July 27, the Board unanimously rejected the plaintiff's request. Filing 1-2 at 23. But, despite the Board's rejection, the plaintiff proceeded to enter into a contract with Clay County to act as its county attorney. Filing 3 at 11.

On August 25, the Board served the plaintiff with a *Loudermill* notice,[2] advising him that he may be terminated from his job as the York county attorney. Filing 3 at 2; filing 1-2 at 35-36. On September 15, the Board held a hearing to determine if the allegations in the *Loudermill* notice were true, and if true, whether those allegations would support termination of the plaintiff's

---

[2] *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532 (1985).

employment. The Board's agenda for its September 21 meeting included as item #12: "Discuss and Act on potential termination of York County Attorney." Filing 1-1 at 9.

However, before the Board could act, on September 20, the plaintiff filed his complaint in the district court for York County, Nebraska, seeking declaratory and injunctive relief, the goal of which was to prevent his removal from office. Filing 1-1. Also on September 20, the plaintiff filed a motion for a temporary injunction or restraining order, and set a hearing on his motion for 4:00 p.m. that same day. At the hearing, the district court received evidence and heard arguments from counsel for both the plaintiff and the Board. Filing 1-2 at 37. At the conclusion of the hearing, the district court took the matter under advisement. Before the Board could convene and act on its Agenda item regarding the plaintiff's termination, the district court entered an order for a temporary injunction enjoining the Board from removing the plaintiff from office "outside the judicial removal proceedings set forth in Neb. Rev. Stat. § 23-2001 et seq." Filing 1-2 at 37-39.

## III. ANALYSIS

The parties appear to agree that one who is a county *officer,* and who is not incarcerated or otherwise physically or mentally incapable of performing the duties of the office, may be removed from office by way of the statutory judicial removal procedure found in Neb. Rev. Stat. §§ 23-2001 to 23-2009. Section 23-2001 provides, "All *county officers* may be charged, tried, and removed from office, in the manner hereinafter provided." Section 23-2002 provides that any person may institute a charge for removal, and "the district court shall have exclusive original jurisdiction thereof by summons."

5

No one can dispute that county *officers* are persons elected to certain county offices. Article IX, § 4 of the Nebraska Constitution provides: "The Legislature shall provide by law for the election of such county and township *officers* as may be necessary." One such county office where the Legislature provided for the election of a county *officer* is that of the county attorney. "Except as provided in section 23-1201.01, a county attorney shall be elected in each county at the statewide general election in 1990 and each four years thereafter." Neb. Rev. Stat. § 32-522. Thus, it necessarily follows that a person elected to the office of county attorney is, by definition, a county *officer*.

As § 32-522 references, there is an exception to the election of a county attorney found in § 23-1201.01. That exception provides:

> If there is no county attorney elected pursuant to section 32-522 or if a vacancy occurs for any other reason, the county board of such county may appoint a qualified attorney from any Nebraska county to the office of county attorney. In making such appointment, the county board shall negotiate a contract with the attorney, such contract to specify the terms and conditions of the appointment, including the compensation of the attorney, which compensation shall not be subject to sections 23-1114.02 to 23-1114.06.

Neb. Rev. Stat. § 23-1201.01(2).

The question here is whether a person appointed to the vacated or unelected office of county attorney pursuant to § 23-1201.01(2), also accedes to the title of county *officer*? The plaintiff, as well as the amicus curiae Nebraska County Attorneys Association, argue that there is no distinction between an

6

elected and appointed county attorney. Filing 16 at 5; filing 18-1 at 3. But that argument is not accurate on its face. *An elected* county attorney is chosen by the electors in the county, and without question is entitled to the statutory protections regarding removal from office for a *county officer*. But § 23-1201.01(2) provides that *an appointed* county attorney accedes to the office pursuant to a contract with the county board, and that contract specifies the terms and conditions of appointment.

The plaintiff has not directed this Court to any authority—statutory or otherwise—stating that a person appointed to fill a vacant county office is deemed to be an *officer* of the county. Instead, the plaintiff relies on the definition of an incumbent in the Nebraska Election Act, which provides that an incumbent means "the person whom the canvassers or the courts declare elected to an elective office or who has been appointed to an elective office." Neb. Rev. Stat. § 32-111. However, this provision, like § 23-1201.02(2), actually recognizes that there is a distinction between a person elected to an office, and a person appointed to fulfill the duties of an office—but for the purpose of an upcoming election, both are deemed to be "incumbents" for that office. That is all it does. It does not necessarily follow that because an elected official and an appointed official are both deemed to be incumbents for an upcoming election, they are also both deemed to be county *officers*.

Instead, the definition of incumbent in the Election Act, as well as other statutory provisions, demonstrates a legislative intent to carve out certain instances where an elected officer and appointed person are considered to be on the same footing. For example, in matters involving a county's personnel policy, an "official shall mean *an officer elected* by the popular vote of the people, or *a person appointed* to a countywide office." Neb. Rev. Stat. § 23-2535(8). Similarly, in defining an "elective office" the Nebraska Political

7

Accountability and Disclosure Act provides that an elective office means a public office filled by an election, as well as a public office occupied by a person appointed to fill a vacancy in a public office which is ordinarily elective. Neb. Rev. Stat. § 49-1417.

In *Kozisek v. Cnty. of Seward, Neb.*, the plaintiff was appointed to several county positions, one of which was the County Veterans Service Officer. 539 F.3d 930, 933 (8th Cir. 2008). The plaintiff claimed that his due process rights were violated when his employment was terminated by the county board instead of pursuant to the judicial procedures for removing county officers found in §§ 23-2001 to 23-2009. *Id.* at 937. In affirming the district court's judgment, the Court of Appeals held that the plaintiff was not entitled to the statutory judicial removal procedures because he wasn't a *county officer*—a term that only applied to *elected* county officials.

A legislative intent may be found from the omission of words from a statute. *State ex rel. Peterson v. Shively*, 963 N.W.2d 508, 519 (Neb. 2021). The Legislature knew how to include both *elected officers* and *appointed persons* when defining incumbents, or when designating who is an official, or in describing what is an elective office. The Legislature could have provided in § 23-1201.01(2) that an attorney appointed by a county board to fill a vacant county attorney position was deemed to be a county officer the same as though he or she had been elected to office, but it didn't. The Legislature also could have provided that all county officers and those appointed to fill vacant county offices may be removed from office pursuant to the terms in § 23-2001 to § 23-2009, but again, it didn't.

Here, that omission of words makes sense. Legislative protection for an *elected* county officer preserves the will of the voters from what may potentially be an arbitrary political removal. But that interest is not present when an

8

appointed officeholder is removed by the same body that appointed him, and defined the terms and conditions of his appointment pursuant to a contract, in the first place.

Here, the plaintiff was appointed to fill a vacant elected office, but that fact alone does not make the plaintiff a county *officer*. The Court's review of the Nebraska statutes leads to the conclusion that the term "county officer" applies only to elected county officials, and the plaintiff was not elected to office, but appointed by the Board pursuant to a contract or an agreement.[3] The judicial procedures in Neb. Rev. Stat. § 23-2001 to § 23-2009 pertain only to the removal from office of *county officers*. The plaintiff, who was appointed by the Board to fill a vacant elected county office, is not, under Nebraska law, a county officer. The plaintiff's motion for judgment on the pleadings will be denied, and the temporary injunction entered by the state district court will be vacated.

This issue was presented to the Court on the plaintiff's motion, and so there is no motion to dismiss pending. However, it is clear from the foregoing discussion that the plaintiff does not—and cannot—state a claim for relief. The Court may *sua sponte* dismiss a case for failure to state a claim. *Smithrud v.*

---

[3] The plaintiff argues that he and the Board never entered into an enforceable contract or agreement. Filing 16 at 16. But the plain text of § 23-1201.01(2) requires that a contract shall be negotiated for an appointed county attorney. The Nebraska Supreme Court has recognized what is plainly required for the appointment of an attorney to a vacant county attorney office. "If the county board appoints an attorney to the office of county attorney, it must negotiate a contract with the attorney which specifies the terms and conditions of appointment." *Lang v. Howard Cnty., Neb.,* 840 N.W.2d 876, 879 (Neb. 2013). If the plaintiff's position truly is that there is no enforceable contract, then by what authority is he the York County Attorney?

9

*City of St. Paul*, 746 F.3d 391, 395 (8th Cir. 2014). Because the plaintiff's state-law and due process claims are both predicated on his claimed entitlement to judicial removal from office, his complaint will be dismissed.[4]

As for the defendant's counterclaims: Jurisdiction in this case is premised on the plaintiff's due process claim, which raised a federal question. But having dismissed that claim, the Court must decide what to do with the defendant's state-law counterclaims. The Court may retain supplemental jurisdiction over them, but is not required to do so. *See*, 28 U.S.C. § 1367; *Carlsbad Tech., Inc. v. HIF Bio, Inc.,* 556 U.S. 635, 639-41 (2009).

In exercising its discretion, the Court must consider factors such as judicial economy, convenience, fairness, and comity. *Elmore v. Harbor Freight Tools USA, Inc.,* 844 F.3d 764, 767 (8th Cir. 2016); see *City of Chicago v. Int'l Coll. of Surgeons,* 522 U.S. 156, 173 (1997). In the usual case in which all federal claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine will point toward declining to exercise jurisdiction over the remaining state-law claims. *Wilson v. Miller,* 821 F.3d 963, 971 (8th Cir. 2016). Where resolution of the remaining claims depends solely on a determination of state law, the Court should decline to

---

[4] To do otherwise would mean waiting for the defendants to file a motion to dismiss—and remember, the defendants chose to remove to federal court in the first place. If they chose *not* to move for dismissal, the Court would find itself forced to exercise supplemental jurisdiction over state law counterclaims in a "federal question" case in which there is clearly no viable federal claim. *Sua sponte* dismissal, then, is the only way for the Court to preserve its discretion to remand or dismiss those state law claims. *Cf. Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 351-52 (1988).

exercise jurisdiction. *Glorvigen v. Cirrus Design Corp.,* 581 F.3d 737, 749 (8th Cir. 2009).

There is nothing particularly distinguishing about the defendant's state-law counterclaims. As such, the defendant's counterclaims will be dismissed without prejudice.[5]

IT IS ORDERED:

1. The plaintiff's motion for judgment on the pleadings (filing 15) is denied.

2. The temporary injunction entered by the state district court is vacated.

3. The plaintiff's complaint (filing 1-1) is dismissed.

4. The defendants' counterclaims (filing 3) are dismissed without prejudice.

---

[5] The Court recognizes its discretion to remand this case to state court. *See St. John v. Int'l Ass'n of Machinists & Aerospace Workers,* 139 F.3d 1214, 1217 (8th Cir. 1998). But in this case, that would complicate the plaintiff's ability to seek appellate review. Accordingly, the Court concludes that dismissal without prejudice of the remaining state claims is appropriate—the defendants may reassert those claims in state court if they wish, while the plaintiff can seek appellate review of the Court's decision on his primary claim. The Court notes that there is no reason to think that the defendants' claims are time-barred. *See Cohill,* 484 U.S. at 351-52.

5. The plaintiff's motion to supplement the record (filing 30) is denied.

6. The defendants' motion to amend their answer, affirmative defenses, and counterclaims (filing 8) is denied as moot.

7. A separate judgment will be entered

Dated this 27th day of May, 2022.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge